T.C. Memo. 2009-57

UNITED STATES TAX COURT

ROBERT J. KENNEDY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14021-04.                    Filed March 16, 2009.

<u>James J. Gatziolis</u>, for petitioner.

<u>Jeffrey S. Luechtefeld</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 1998 Federal income tax and additions to tax as follows:

|  | Additions to Tax | | |
|  | Sec. | Sec. | Sec. |
| <u>Deficiency</u> | <u>6651(a)(1)</u> | <u>6651(a)(2)</u> | <u>6654(a)</u> |
| $3,516,772 | $791,273 | $826,441 | $8,325 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1998, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions of some issues, the primary issue for decision is whether for 1998 petitioner has substantiated various carry forward losses from 1994, 1995, and 1997.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Florida.

From 1989 through 1993 petitioner owned and managed several retail music stores in Hawaii.

In 1990 petitioner purchased a home on Oahu. In connection with the Oahu home purchase petitioner obtained a mortgage loan from a bank. The record does not adequately establish the purchase price of the home, the amount and terms of the mortgage loan, or petitioner's intended use of the Oahu home.

After purchasing the Oahu home and without moving into the home, petitioner hired a contractor to remodel the home. Before the home remodeling was completed, petitioner's retail music stores went out of business, and in 1994 petitioner stopped making payments on the mortgage loan. In 1995 the bank

foreclosed on the Oahu home and discharged petitioner's mortgage loan obligation.

From 1994 through 1998 petitioner traded securities on his own account, and petitioner was involved in other business activities in Illinois.

On his 1994 individual Federal income tax return petitioner reported zero taxable income and claimed a $131,748 long-term capital loss from worthless securities. None of the claimed capital loss was used to offset 1994 capital gain income, and petitioner reported the claimed capital loss as available for carry forward to 1995.

On his 1995 individual Federal income tax return petitioner reported zero taxable income and the above $131,748 capital loss carryforward from 1994. None of the claimed $131,748 long-term capital loss carryforward was used to offset 1995 capital gain income, and petitioner reported the claimed capital loss from 1994 as available for carry forward to 1996.

Also on his 1995 tax return petitioner claimed a $1,088,448 net operating loss (NOL) deduction. The claimed $1,088,448 NOL related to the following items:

| Item | Amount |
|------|--------|
| Oahu home | |
|   Passive activity loss | ($403,123) |
|   Long-term capital loss | (441,444) |
| Illinois business property | |
|   Passive activity loss | (273,151) |
| Miscellaneous deductions | (31,449) |
| Miscellaneous interest income | 60,719 |
|   Total claimed 1995 NOL | ($1,088,448) |

The claimed $1,088,448 1995 NOL was reported on petitioner's 1995 individual Federal income tax return as carried back to 1993 and as carried forward to 1996 in the amounts reflected below:

| Claimed 1995 NOL Carried back/forward to | Amount |
|------|--------|
| 1993 | ($273,910) |
| 1996 | (814,538) |
| Total | ($1,088,448) |

On his 1996 individual Federal income tax return petitioner reported zero taxable income and zero losses, and petitioner reported the unused claimed $131,748 1994 long-term capital loss carryforward and the unused claimed $814,538 1995 NOL carryforward. On his 1996 tax return, petitioner used none of the claimed loss carryforwards, and petitioner reported the losses as available for carry forward to 1997.

On his 1997 individual Federal income tax return petitioner reported zero taxable income, and petitioner reported the unused claimed 1994 long-term capital loss carryforward and the unused claimed 1995 NOL carryforward. Also on his 1997 tax return petitioner claimed a $32,347 short-term capital loss for 1997

relating to the sale of securities, and an $18,075 NOL for 1997,[1] and petitioner reported that he used none of the claimed loss carryforwards and none of the claimed 1997 losses.  Petitioner reported the following carryforwards to 1998:

|                   Claimed                   | Carryforward to 1998 |
|---------------------------------------------|----------------------|
| 1994 Long-term capital loss                 | ($131,748)           |
| 1995 NOL                                     | (814,538)            |
| 1997 Short-term capital loss                | (32,347)             |
| 1997 NOL                                     | (18,075)             |

Although petitioner received substantial income in 1998 from various activities, he did not timely file a 1998 Federal income tax return.

On audit for 1998 using information obtained from third parties respondent determined that petitioner received $8,939,449 in income from wages, interest, dividends, capital gains, and pensions.  Respondent did not take into account any of the loss carryforwards that had been reflected on petitioner's 1997 individual Federal income tax return as available for carry forward to 1998.

On May 3, 2004, respondent mailed to petitioner a notice of deficiency in which respondent charged petitioner with the above $8,939,449 in income and determined a $3,516,772 deficiency in petitioner's 1998 Federal income tax.

---

[1]  The record does not establish the alleged source of the claimed $18,075 1997 NOL.

On August 2, 2004, petitioner filed his petition herein.

On March 3, 2006, petitioner filed with respondent a document purporting to be his 1998 individual Federal income tax return on which petitioner reported $70,452 in income and on which petitioner claimed carryforwards of the claimed $131,748 1994 long-term capital loss, the claimed $814,538 1995 NOL, the claimed $32,347 1997 short-term capital loss, the claimed $18,075 1997 NOL, miscellaneous itemized deductions, and taxable income and tax due, as follows:

| Petitioner's 1998 Tax Return | Income (Losses) |
|---|---|
| Income | |
| Taxable interest | $70 |
| Ordinary dividends | 9,270 |
| Net capital gain | 46,112 |
| Pensions | 15,000 |
| Deductions | |
| 1994 Long-term capital loss carryforward | (131,748) |
| 1995 NOL carryforward | (814,538) |
| 1997 Short-term capital loss carryforward | (32,347) |
| 1997 NOL carryforward | (18,075) |
| Miscellaneous itemized deductions | (75,595) |
| Taxable income | -0- |
| Tax due | -0- |

During pretrial respondent's representatives reviewed petitioner's late-filed 1998 individual Federal income tax return, petitioner's 1994 through 1997 individual Federal income tax returns, and the claimed 1994, 1995, and 1997 losses petitioner reported as carried forward to 1998.

The parties agreed to some of the above income and losses claimed. For lack of substantiation, respondent disallowed two

components of the claimed $1,088,448 1995 NOL, thereby reducing
the allowable NOL carryforward from 1995 to 1998 to zero.  The
schedule below reflects the portion of petitioner's claimed
$1,088,448 1995 NOL that respondent allowed and the portion
respondent disallowed:

|  | Claimed 1995 NOL | |
| Description | Allowed | Disallowed |
| --- | --- | --- |
| Oahu home | | |
| Passive activity loss | -0- | ($403,123) |
| Long-term capital loss | -0- | (444,144) |
| Illinois business property | | |
| Passive activity loss | ($273,151) | -0- |
| Miscellaneous deductions | (31,449) | -0- |
| Miscellaneous interest income | 60,719 | -0- |
| 1995 NOL carryforward | ($243,881) | ($847,267) |

On the basis of the above reduction of the claimed 1995 NOL
to $243,881, respondent determined that the allowable $243,881
portion of petitioner's claimed 1995 NOL was carried back to 1993
and exhausted, leaving no 1995 NOL to carry forward to 1996,
1997, and 1998.  Also, for lack of substantiation respondent
disallowed the claimed $18,075 1997 NOL carryforward to 1998.  As
a result, respondent determined that for 1998 petitioner was not
entitled to the claimed $814,538 1995 and the claimed $18,075
1997 NOL carryforwards reported on petitioner's late filed 1998
tax return.

In addition respondent determined that petitioner had not
substantiated and was not entitled to the claimed long- and
short-term capital loss carryforwards from 1997 to 1998 and to

some of petitioner's claimed miscellaneous itemized deductions for 1998.

After some concessions by respondent, still in dispute are two components of the claimed $1,088,448 1995 NOL (the $403,123 passive activity loss and the $441,444 long-term capital loss relating to the Oahu home), the claimed $131,748 1994 long-term and the claimed $32,347 1997 short-term capital loss carryforwards, the claimed $18,075 1997 NOL carryforward, two claimed miscellaneous itemized deductions for 1998 ($9,842 in real estate taxes and $5,380 in unreimbursed employee expenses), and the section 6651(a)(1) addition to tax.

## OPINION

Generally, determinations made by respondent in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving otherwise.[2]  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Feldman v. Commissioner, 20 F.3d 1128, 1132 (11th Cir. 1994), affg. T.C. Memo. 1993-17.

Deductions are a matter of legislative grace, and a taxpayer bears the burden of substantiating the amount and purpose of a claimed deduction.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Keith v. Commissioner, 115 T.C. 605, 621 (2000); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. 540 F.2d

---

[2]  Petitioner makes no claim that he qualifies for a shift in the burden of proof under sec. 7491(a).

821 (5th Cir. 1976). A filed Federal income tax return does not establish a taxpayer's entitlement to the amounts reported thereon. Lawinger v. Commissioner, 103 T.C. 428, 438 (1994); Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974).

Where appropriate, the Court may estimate the amount of a taxpayer's losses and allow deductions therefor. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

$1,088,448 Claimed 1995 NOL

We first analyze the two components of the claimed $1,088,448 1995 NOL which remain in dispute--the $403,123 passive activity loss and the $441,444 long-term capital loss relating to the Oahu home. In an attempt to substantiate these losses petitioner submitted a February 5, 1992, credit application he prepared in connection with refinancing a mortgage loan on his Illinois business property. On the credit application petitioner listed the bank from which he apparently obtained the mortgage loan on the Oahu home, the alleged monthly mortgage payment due on the mortgage loan for the Oahu home, and an estimated value of the Oahu home.

Petitioner argues that the information reported on his Federal income tax returns for 1995 through 1998 together with information on the February 5, 1992, credit application relating

to the Illinois business property substantiate that in 1995 he realized the claimed $403,123 passive activity loss and the claimed $441,444 long-term capital loss relating to the Oahu home. Petitioner also argues that we should estimate the amount of his allowable losses from the amounts reported on his Federal income tax returns and on the credit application.

Petitioner's Federal income tax returns alone do not adequately substantiate that in 1995 petitioner realized a $403,123 passive activity loss and a $441,444 long-term capital loss relating to the 1995 bank foreclosure on the Oahu home. See Lawinger v. Commissioner, supra at 438. The February 5, 1992, credit application does not contain adequate and credible financial information relating to the 1995 bank foreclosure on the Oahu home and does not establish that in 1995 petitioner realized either a $403,123 passive activity loss or a $441,444 long-term capital loss relating thereto. Further, petitioner's Federal income tax returns for 1995 through 1998 and his credit application do not provide sufficient information for us to estimate petitioner's claimed losses. See Vanicek v. Commissioner, supra at 742-743.

Petitioner has not come close to properly substantiating the claimed $403,123 passive activity loss and the $441,444 long-term capital loss relating to the Oahu home, and petitioner is not

allowed the claimed 1995 carry forward losses to 1998 relating thereto.

Remaining Disputed Items

With regard to the claimed $131,748 1994 long-term and the claimed $32,347 1997 short-term capital loss carryforwards, the claimed $18,075 1997 NOL carryforward, the $9,842 in real estate taxes, and the $5,380 in unreimbursed employee expenses, petitioner again argues that his Federal income tax returns substantiate and establish his entitlement thereto.

Again, petitioner's Federal income tax returns do not provide adequate substantiation of these items. See Lawinger v. Commissioner, supra at 438. Because petitioner has not submitted credible documentation and other evidence to substantiate his claimed long- and short-term capital losses and NOL carryforwards and miscellaneous itemized deductions, we sustain respondent's disallowance thereof.

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to timely file a Federal income tax return unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985). By virtue of our finding that petitioner's return for 1998 was filed late, respondent has carried his burden of production under section 7491(c) as to this addition to tax. Petitioner has provided no explanation and has submitted no

evidence to suggest that his failure to timely file his 1998 Federal income tax return was due to reasonable cause. Respondent's imposition of the section 6651(a)(1) addition to tax is sustained.[3]

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and sec. 6651(a)(1) addition to tax and for petitioner as to the secs. 6651(a)(2) and 6654(a) additions to tax.

---

[3] Respondent concedes the additions to tax under secs. 6651(a)(2) and 6654(a).